## IN- THE MATTER OF THE APPLICATION OF RYONOSUKE SAKABA FOR A WRIT OF HABEAS CORPUS.

### October 8, 1913.

*Aliens unlawfully in the United States—Habeas Corpus—Remedies before the inspector in charge:* An alien under arrest for being unlawfully in the United States may not have the benefit of a writ of habeas corpus until he has exhausted his remedies before the inspector in charge.

*Habeas corpus:* Motion to dismiss petition and order to show cause.

*Andrews & Quarles* for petitioner.

*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J. The applicant for the writ of habeas corpus is under detention as being an alien unlawfully in the country. He has had a private hearing before the immigration officers and was then entitled to a further hearing assisted by counsel; this, through his counsel, he has declined.

I have tried to consider as favorably as possible the petition for the writ. The defect in the petitioner's case is that he did not exhaust his remedies before the inspector in charge. This court has no means of knowing that the proceedings before the inspector were unfair. The counsel has had the advantage of discussing the matter with his client and hearing his client's statement. The court, however, has to take it for granted that the work of the officials of the government is *bona fide* and honest until the contrary is proved, and on a showing like this cannot presume that the petitioner did not have a fair hearing, that the interpreter was dishonest, and that the statement by the respondent of the examination before him is untrue. Although the petitioner was not told at that time that he had a right

to inspect the warrant and to a copy of all the proceedings that led up to the warrant, yet the proceedings were not finished; they were *in mediis rebus,* and it was to be expected that before the determination of such proceedings the petitioner and his counsel would have been informed, and would have been given an opportunity to inspect such papers, failing which, there would have been good reason for asking for a writ of habeas corpus on the ground of unfairness.

There is more liberality toward persons arrested in these proceedings, as regards their assistance by counsel, than there is in proceedings for the detention and deportation of persons desiring to land in the United States, where they are not allowed counsel who may take any part in the proceedings, and it is to be expected that with such opportunity, complaints of unfairness and illegality will be few, and based only upon definitely probable grounds.

To make a precedent that would favor a practice of applying for writs of habeas corpus before petitioners have exhausted their remedies before the immigration officers, would be embarrassing to the court, and productive of no benefit to applicants.

The motion to dismiss the petition and the order to show cause is allowed, with costs to the respondent.